917 F.2d 1302
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
BARBARA ANN MULLINAX, Plaintiff,
v.
BEPEX CORPORATION, Defendant & Third Party Plaintiff-Appellant,
v.
STOUFFER FOODS CORPORATION, Third Party Defendant-Appellee.
BEPEX CORPORATION, Plaintiff-Appellant,
v.
STOUFFER FOODS CORPORATION, Defendant-Appellee.
 Nos. 89-2092 & 89-2158
 UNITED STATES COURT OF APPEALS,
FOURTH CIRCUIT
 Argued: April 4, 1990
Decided: November 9, 1990
Rehearing and Rehearing En Banc Deneid Dec. 11, 1990.
 
 Appeals from the United States District Court for the District of South Carolina, at Spartanburg. G. Ross Anderson, Jr., District Judge. (CA-88-368-7-3; CA-89-1294-7-3)
 ARGUED: Charles Elford Carpenter, Jr., RICHARDSON, PLOWDEN, GRIER & HOWSER, Columbia, South Carolina, for Appellant.
 Hamlet Sam Mabry, III, HAYNSWORTH, MARION, MCKAY & GUERARD, Greenville, South Carolina, for Appellee.
 ON BRIEF: Deborah L. Harrison, F. Barron Grier, III, RICHARDSON, PLOWDEN, GRIER & HOWSER, Columbia, South Carolina, for Appellant.
 0illiam M. Grant, Jr., John B. McLeod, HAYNSWORTH, MARION, MCKAY & GUERARD, Greenville, South Carolina, for Appellee.
 Before WIDENER, PHILLIPS, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Bepex Corporation (Bepex) appeals from the district court's decisions that prevent it from recovering under a contractual indemnification clause against Stouffer Food Corporation (Stouffer). We affirm.
 
 
 2
 Bepex manufactured and sold to Stouffer a rice cooker in 1979. Included in the contract of sale[1] was the following indemnification clause:
 
 
 3
 The Seller will not be liable for any damages or claims, including claims for personal injury or death, based upon a failure of the equipment to comply with OSHA standards. The Seller will, at Purchaser's instruction and expense, make a reasonable effort to modify the equipment to comply with OSHA standards. The installation of necessary safety devices and compliance with OSHA in connection with the equipment installation and operation is the sole responsibility of the Purchaser. The Purchaser shall indemnify and hold harmless the Seller for claims, damages or expenses relating to the lack of compliance with OSHA in connection with the equipment installation or the operation of the machinery and equipment supplied hereunder.
 
 
 4
 After the sale, Stouffer failed to maintain a key piece of safety equipment on the rice cooker, a limit switch which would have prevented the augers in the cooker from turning once the lid was opened. Additionally, there was evidence which tended to show that Stouffer added a bar grating to the rice cooker, removed safety signs, eliminated the lock-out switch, changed the operating controls and added a platform.
 
 
 5
 On January 23, 1986, Barbara Ann Mullinax, an employee of Stouffer, fell into the rice cooker while attempting to clean it. Mullinax lost both of her legs at the hip and sued both Bepex and Stouffer in state court in South Carolina. The action was removed to federal court because of diversity. Stouffer was dismissed from the action on the basis of the South Carolina Workers' Compensation Act. Bepex filed a third-party complaint against Stouffer for indemnification. Eventually the district court dismissed Bepex's third-party complaint, finding that the contract did not provide for indemnification of Mullinax's claims against Bepex, and that Bepex's claim for indemnification on account of Stouffer's alleged OSHA violations could not be maintained. Bepex appealed.
 
 
 6
 Bepex subsequently entered into a settlement agreement with Mullinax. Mullinax agreed to dismiss all claims against Bepex and Bepex agreed to pay her substantial sums of money at that time and at certain times in the future.
 
 
 7
 On May 19, 1989, Bepex instituted a separate action against Stouffer for indemnification. Stouffer answered and moved for summary judgment on the grounds that the claims were barred by res judicata and collateral estoppel. The district court agreed and entered judgment for Stouffer on those grounds. Bepex appealed.[2]
 
 
 8
 We turn first to the merits of Bepex's indemnification claim against Stouffer and begin by addressing any claim that Stouffer must indemnify Bepex for its own negligence. The South Carolina Court of Appeals recently addressed the requirements for an indemnification clause which requires one party to indemnify another for its own negligence in Federal Pacific Electric v. Carolina Production Enterprises, 378 S.E.2d 56 (S.C. Ct. App. 1989). Federal Pacific holds that a contractual indemnification clause should "not be construed to indemnify the indemnitee against losses resulting from its own negligent acts unless such intention is expressed in clear and unequivocal terms." Federal Pacific, 378 S.E.2d 56, 57. We do not believe that the contractual clause at issue in this case, which requires Stouffer to indemnify Bepex for any damages resulting from OSHA violations, clearly and unequivocally expresses an intention that Stouffer indemnify Bepex for Bepex's own negligence. Therefore, there is no merit in any claims that Stouffer must indemnify Bepex for Bepex's own negligent acts. Indeed, this is now apparently conceded by Bepex. See Bepex's brief, pp. 12-13.
 
 
 9
 We next address Bepex's claims of indemnification which relate to Stouffer's alleged OSHA violations. In an action by Mullinax against Bepex, Stouffer's OSHA violations and changes in the equipment which made it unsafe[3] would act to insulate Bepex from liability. See Claytor v. General Motors Corp., 286 S.E.2d 129, 131-32 (S.C. 1982); Young v. Tide Craft, Inc., 242 S.E.2d 671, 67577 (S.C. 1978); White v. Johns-Manville Corp., 662 F.2d 243, 250 (4th Cir. 1981); S.C. Code Sec. 15-73-10. Since Bepex would not be liable to Mullinax for the actions of Stouffer claimed on account of violations of OSHA, it follows that Stouffer has no duty of indemnification to Bepex relating to Stouffer's actions in failing to maintain and in actively modifying the rice cooker. As the district court correctly held, "since the record evidence does not indicate any relationship whereby Bepex would be responsible for Stouffer's alleged OSHA violations, no liability can be imposed on Bepex for these OSHA violations, and therefore, there is no liability for Bepex to pass on or transfer to Stouffer under Rule 14(a) [for indemnification]."
 
 
 10
 Because we are of opinion that Bepex's indemnification claims fail on their merits,[4] we accordingly affirm the judgments of the district court.
 
 AFFIRMED
 
 
 [1]
 We assume, without deciding, that the contract should be deemed to include the indemnification clause. Stouffer argues that under UCC 2-207 the indemnification clause was never part of the sales contract. Given our disposition of the case, we find it unnecessary to decide this question
 
 
 [2]
 We consolidated the two appeals on September 6, 1989
 
 
 [3]
 As stated above, any acts Bepex committed which resulted in an unsafe product do not result in an indemnification claim against Stouffer because the contractual clause failed to state clearly and unequivocally that Stouffer was to indemnify Bepex for its own negligence
 
 
 [4]
 Findng that the merits of Bepex's indemnification claim fail, we do not reach the other questions discussed or raised in this appeal